

McCUNE · WRIGHT · AREVALO
ATTORNEYS AT LAW

June 8, 2020

**VIA ECF AND EMAIL**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Tel: 212-805-0194
BuchwaldNYSDChambers@nysd.uscourts.gov

Elaine S. Kusel

esk@mccunewright.com
Phone: 909.557.1250
Fax: 909.557.1275

Re: **Response in Opposition to Notice of Related Action Pursuant to Local Civil Rule 1.6—*Ryan M. Kull Licensed Clinical Social Work LLC v. Chase Bank USA, N.A. et al.*, No. 1:20-cv-03138-NRB and *Quinn et al. v. JPMorgan Chase Bank, N.A. et al.*, No. 1:20-cv-04100-JSR**

Dear Judge Buchwald:

We write on behalf of Plaintiffs in *Quinn et al. v. JPMorgan Chase Bank, N.A. et al.*, No. 1:20-cv-04100-JSR ("*Quinn*") to address Sylvia E. Simson's June 4, 2020 letter (Dkt. No. 9) entitled "Notice of Related Action Pursuant to Local Civil Rule 1.6" filed in *Ryan M. Kull et al. v. Chase Bank USA, N.A. et al.*, No. 1:20-cv-013138-NRB ("*Kull*"). Ms. Simson's letter suggests that "principles of judicial economy and efficiency … *may* be achieved from designating the *Quinn* Action as related to the *Kull* Action and the *KPA* Action,"[1] though it appears to stop short of requesting that *Quinn* be reassigned. *See id.* at p. 2 (emphasis supplied). While we see merit in relating cases involving the same class of claimants or the same types of claims and causes of action against different defendants, we see no merit or judicial efficiency in relating unrelated claims by unrelated claimants against the same defendant. We therefore do not believe that *Quinn* should be reassigned.

As discussed below, *Quinn* asserts a fundamentally different claim than is asserted in *Kull* and *KPA Promotions*. *Quinn*, a CPA, asserts a claim by borrower **agents** for unpaid "agent fees" in connection with funded Paycheck Protection Program ("PPP") loans, while *Kull* and

---

[1] *KPA Promotion & Awards, Inc. et al. v. JPMorgan Chase & Co. et al.*, No. 1:20-cv-03910-NRB, was previously reassigned to Judge Buchwald after the filing of a Related Case Statement in the *KPA Promotion* Action. See Dkt. No. 7, in *KPA Promotion*, 1:20-cv-03910-NRB.

3281 E. Guasti Road, Suite 100, Ontario, CA 91761  ■  Phone: 909.557.1250   Fax: 909.557.1275  ■  McCuneWright.com

ORANGE COUNTY   INLAND EMPIRE - EAST   MIDWEST   EAST COAST
Irvine, CA        San Bernardino, CA   Edwardsville, IL   Newark, NJ

*KPA Promotions* are **borrowers** alleging that borrower loan applications were improperly processed. While it is true that each action relates in some way to the Paycheck Protection Program ("PPP"), which was created when the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was signed into law, the similarities between *Quinn*, on the one hand, and *Kull* and *KPA Promotions*, on the other, end there. The reference in Ms. Simson's letter to the "several motions" that have been filed with the JPML highlights this distinction: under consideration before the Panel are *separate* potential MDLs addressing borrower claims against JPMorgan Chase (MDL 2944) and addressing agent fee claims (MDL 2950).

In determining relatedness of civil actions, a judge will consider "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Rule for the Division of Business Among District Judges for the Southern District of New York 13(a)(1). Applying these factors here demonstrates that reassignment of *Quinn* based on relatedness is improper.

1. ***The* Quinn *and* Kull/KPA Promotions *actions do not concern the same or substantially similar parties, property, transactions, or events.***

*Quinn* was filed against JPMorgan on May 28, 2020, by Plaintiffs James Quinn, Fahmia, Inc., and Prinzo & Associates, LLC, all of which are "agents" as defined by the Small Business Administration ("SBA") in the CARES Act and PPP. *Quinn* Compl., Dkt. No. 1.[2] As a part of enacting the CARES Act, the SBA carved out a specific benefit for accountants, attorneys, and other advisors (*i.e.*, "agents") to assist their clients in preparing and submitting PPP loan applications efficiently and in compliance with the law. The PPP was designed to allow small businesses to apply through SBA-approved lenders and, once approved, lenders would be compensated with an origination fee paid by the federal government. From this compensation, lenders were responsible for paying the fee owed to the loan applicant's agent. *Quinn* seeks relief on behalf himself and a class of these **agents** for their unpaid compensation in assisting borrowers' PPP loan applications subsequently funded through JPMorgan.[3]

*Kull* and *KPA Promotions* were filed (by different plaintiffs) on, respectively, April 20 and May 19, 2020. Separate and distinct from the relief sought in *Quinn*, the plaintiffs in *Kull/KPA Promotions* are the putative PPP **borrowers**, seeking relief based on JPMorgan's failure to process applications on a "first-come, first-served" basis or other processing allegations. *See*, *e.g.*, *Kull* Complaint (*Kull* Dkt. No. 1). Specifically, *Kull* alleges that defendants intentionally or negligently engaged in wrongful conduct by approving or denying loan

---

[2]   A First Amended Complaint was filed on June 2, 2020. *Quinn* Dkt. No. 11.

[3]   Quinn filed separate agent fee action against Signature Bank and several of its affiliates, which funded a PPP loan for a different applicant as to which Quinn served as agent. *See James Quinn et al. v. Signature Bank Corp. et al.*, No. 1:20-cv-04144-JSR (S.D.N.Y.). On June 8, 2020, that case was reassigned to Judge Rakoff.

applications through the PPP including favoring or prioritizing applications in processing time or order for defendants' gain. *Id*.

While the defendant bank is a common party in these cases, it is the only common party and the conduct challenged in the two categories of cases differs. The cases involve different plaintiffs, seeking to represent inherently different classes of plaintiffs. Nor do the cases involve the same property, transactions, or events. *Quinn* addresses the agent fees (to be paid out of government monies paid to the bank) based on funded PPP loans. By contrast, *Kull/KPA Promotions* relate to borrowers' (presumably, often unfunded) PPP loans themselves or to the borrower application process and related transactions. So even though the defendant is common, its policies and procedures relating to the claims in the separate cases are not. As noted above, in a separate suit, the plaintiff in *Quinn* also seeks recovery of agent fees from another bank, relating to different loans. With *Quinn v. JPMorgan* and *Quinn v. Signature* both pending before Judge Rakoff, it makes little sense to reassign the case against JPMorgan merely because some other plaintiffs also sued JPMorgan but under different theories and for different conduct.

2. ***There is no substantial factual overlap between the borrower mistreatment cases and the agent fee cases.***

For these same reasons, there is no substantial factual overlap between the *Quinn* and *Kull/KPA Promotions* Actions. As noted above, the JPML appears to recognize a distinction between the borrower mistreatment cases and agent fee cases as involving substantially different issues. MDL 2944 involves claims (against JPMorgan entities) related to borrower mistreatment under the PPP. MDL 2950 is a separate proposed MDL addressing unpaid agent fees (against many bank defendants) under the PPP. Even among the borrower mistreatment claims addressed in MDL 2944 alone, JPMorgan has opposed transfer. It argues that in "a jigsaw puzzle of unmatched pieces," the cases "allege different factual circumstances, purported injuries, and putative claims arising out of different alleged policies, procedures, and practices." JPMorgan Chase Bank, N.A.'s Consolidated Response in Opposition to Motions for Transfer of Actions for Coordinated or Consolidated Pretrial Proceedings, MDL No. 2944 Dkt. No. 69, pp. 1, 11.

There is even less overlap between those borrower cases and an agent fee case like *Quinn*. Indeed, where one agent fee case did slip through into the Schedule of Actions in MDL 2944, all parties, including JPMorgan, agreed that it should be removed from that MDL. *Id.* at 2 n.4 (referencing *American Video Duplicating, Inc., et al. v. Citigroup Inc.*, et al., No. 2:20-cv-03815-ODW-AGR (C.D. Cal.)). Given JPMorgan's assertion of a lack of overlap even among only **borrower** cases, the lack of "substantial factual overlap" between *Quinn* and *Kull/KPA Promotions* dictates that *Quinn* should not be reassigned.

3. ***Given the distinct differences between the borrower mistreatment cases and the agent fee cases, the parties will not be subjected to conflicting orders.***

As an agent fee case, *Quinn* asserts different factual issues relating to different transactions, on behalf of a different class of plaintiffs than are asserted in borrower cases. There is thus very little likelihood that failure to reassign *Quinn* would lead to the parties being

subjected to conflicting orders. Given that JPMorgan has resisted transfer even of borrower-only cases, it follows that there is no compelling reason to reassign *Quinn* out of concern over conflicting orders.

4. ***There is no risk for substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses in* Quinn *and* Kull.**

*Quinn* and *Kull/KPA Promotions* involve separate and distinct issues, facts, and parties, all of which will require judicial assessment. While the cases all relate in some way to the PPP, the differing transactions and the differing bank policies and procedures at issue suggest little likelihood of "substantial duplication of effort and expense." Nor is any likely "delay, or undue burden on the Court, parties, or witnesses" evident. All these cases are at their outset, and to this point it appears that the parties and the courts agree, at a minimum, that borrower mistreatment cases and agent fee cases should proceed separately.

In light of all the foregoing, the *Quinn* plaintiffs respectfully request that *Quinn* not be reassigned.

Respectfully Submitted,

Very truly yours,

MCCUNE WRIGHT AREVALO, LLP

/s/ *Elaine S. Kusel*
Elaine S. Kusel

Cc:   Hon. Jed. S. Rakoff
      Daniel Patrick Moynihan United States Courthouse
      500 Pearl Street
      New York, NY 10007-1312
      Tel: 212-805-0401
      RakoffNYSDChambers@nysd.uscourts.gov

      GreenbergTraurig
      Sylvia E. Simson
      MetLife Building
      200 Park Avenue
      New York, NY 10166
      Tel: 212-801-9200
      simsons@gtlaw.com

Stalwart Law Group Dylan Ruga
David Angeloff
41 East 11th Street, 11th Floor
New York, NY 10003
Tel: 212-651-9070
Dylan@stalwartlaw.com

Lockridge Grindal Nauen P.L.L.P.
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: 612-339-6900
rkshelquist@locklaw.com
rapeterson@locklaw.com

Berger Montague PC
Benjamin Galdston
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: 619-489-0300
bgaldston@bm.net

Greg Coleman Law PC
Gregory F. Coleman
William A. Ladnier
Arthur Stock
First Tennessee Plaza
800 South Gay Street, Suite 100
Knoxville, TN 37929
Tel: 865-247-0080
greg@gregcolemanlaw.com
Will@gregcolemanlaw.com
Arthur@gregcolemanlaw.com

Daniel K. Bryson
Scott C. Harris
Patrick M. Wallace
Whitfield Bryson LLP
900 West Morgan Street
Raleigh, NC 27603
Tel: 919-600-5000

dan@whitfieldbryson.com
scott@whitfieldbryson.com
pat@whitfieldbryson.com